UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

v.

D-2  ANTHONY MARROCCO,

    Defendant.

NO. 17-20775

HON. ROBERT H. CLELAND

**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND FINDING EXCLUDABLE DELAY**

The United States of America and Defendant, Anthony Marrocco, by and through undersigned counsel, hereby stipulate to continue the status conference held on December 10, 2020 until February 18, 2021 at 11:00 am, and finding excludable delay.

The parties further stipulate, and jointly move for the Court to find that the time period between December 11, 2020 and February 18, 2021, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the Defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

1

- On March 11, 2020, Defendant was charged in a four-count indictment with conspiracy to commit extortion, extortion (two counts), and attempted extortion.  Defendant made his initial appearance and was arraigned on June 1, 2020, and pleaded not guilty to the charges.

- A status conference was held on September 9, 2020 and then again on December 10, 2020, during which counsel for the parties provided the Court with an update on the matter and status on discovery.

- This case is so unusual or complex, with extensive discovery materials, including, among other things, evidence obtained through multiple wiretaps, reports of witness interviews, grand jury transcripts, and bank and financial records.  Defendant and the Government require additional time to review the discovery materials in order to prepare for trial or other disposition of this matter.

- The parties also need time to prepare for and hold a Rule 15 deposition due to the deteriorating health of an important government witness who may not be available to testify at trial.

- In addition, the unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States that has resulted in widespread societal disruption. COVID-19 has infected thousands of people, resulting in

numerous fatalities. Although Governor Gretchen Whitmer lifted Michigan's stay-home, there are still safety precautions in place, e.g., six-feet social distancing, wearing of masks, and limiting in-person contact and meetings, which impacts the parties' ability to proceed with this case, including preparing for trial.

- Failure to grant the continuance would deny counsel for the Defendant or the Government the reasonable time necessary for effective preparation for pretrial proceedings or for the trial itself within the current time limits, taking into account the exercise of due diligence.

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the Defendant in a speedy trial.

**IT IS SO STIPULATED:**

For the United States of America:  For the Defendant:

MATTHEW SCHNEIDER
United States Attorney


*s/Steven P. Cares*  *s/Steven Fishman (by consent)*
STEVEN P. CARES  STEVEN FISHMAN
Assistant United States Attorney  Attorney for Anthony Marrocco
211 W. Fort Street, Suite 2001  615 Griswold, Ste. 1125
Detroit, MI 48226  Detroit, MI 48226
313-226-9139  313-962-4090
Steven.Cares@usdoj.gov  sfish6666@gmail.com


Dated: December 15, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                                  NO. 17-20775

v.

                                  HON. ROBERT H. CLELAND

D-2  ANTHONY MARROCCO,

      Defendant.

**ORDER CONTINUING STATUS CONFERENCE
AND FINDING EXCLUDABLE DELAY**

      The Court has considered the parties' stipulation and joint motion to continue the status conference until February 18, 2021 at 11:00 am, and finding that the time period from December 11, 2020 until February 18, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).  For the reasons described in the parties' submission, which is incorporated by reference herein, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the Defendant in a speedy trial, and that the time from December 11, 2020 to February 18, 2021, qualifies as excludable delay under § 3161(h)(7).

1

IT IS THEREFORE ORDERED that the time from **December 11, 2020 to February 18, 2021,** shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial.

IT IS FURTHER ORDERED that this matter be scheduled for a telephonic status conference on **February 18, 2021 at 11:00 am.**

                                              s/Robert H. Cleland  
                                              ROBERT H. CLELAND  
                                              United States District Judge

Entered:  December 21, 2020