UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           Case No. 17-20775

-v-                                    HON. ROBERT CLELAND

ANTHONY MARROCCO,

           Defendant.
_____/

**REPLY TO GOVERNMENT'S
SENTENCING MEMORANDUM**

    Defense counsel filed his sentencing memorandum on January 13, 2023. The government filed its own memorandum on January 19. Rather than merely advancing its own arguments regarding sentencing, the government took advantage of the fact that defense counsel had filed his memorandum earlier and spent a good part of its memorandum responding to defense counsel's arguments. This is both unfortunate and totally unfair.

    Because the government essentially filed a response to defense counsel's memorandum rather than a proper sentencing memorandum, and because its memorandum contains an unusually large number of unsupported or irrelevant

allegations, defense counsel feels compelled to respond with this reply brief.

The government's unsupported allegations include the following: (1) That Mr. Marrocco enlisted Dino Bucci ("a bully and a criminal") to "get the message across" that people were expected to attend fundraisers: (2) that a person named Paul Modi had an engineering firm that was given "a lucrative services contract" after throwing a fundraiser; (3) that Mr. Marrocco explained to Developer A's business partner that it would be a "good insurance policy" for Developer A to buy tickets to a fundraiser; and (4) that developers "either kissed the ring or [their] business came to a halt."

This Court has not heard a whit of testimony from any witness concerning the above allegations.  Furthermore, the government **agreed** that there was no so-called relevant conduct in this case nor did the Probation Department include any relevant conduct in the pre-sentence report.  So why does this alleged "relevant conduct" appear in the government's sentencing memorandum?  It is there for one reason, and one reason only; to prejudice the Court against Mr. Marrocco for sentencing purposes.[1]  And the Court should not tolerate it.

---

[1] The government pulled the same stunt at the sentencing hearing in the case of *United States v Monica Morgan*, Case # 17-20406 (Borman, J.), first allowing Ms. Morgan to plead guilty to a single tax evasion count and then arguing at sentencing that the Court should rely on all of the dismissed counts to enhance her sentence.

The government also alleges that Macomb County residents were "the ultimate victims" of the attempted extortion of Developer A because his "criminal behavior" damaged the operations of the public works department.  This allegation, as Yul Brynner once said in the musical The King and I, is a false lie. No one, including the government, has ever claimed that any public works department project was not done properly and to the best of the developer's ability.  And the Court has received letters attesting to precisely the opposite, to wit; that the department did an excellent job of handling the projects in the County.

In addition to the above unsubstantiated allegations, the government suggested that the Court should "reference other defendants in this investigation." To begin with, other than co-defendant Dino Bucci, who died before sentencing, there are no so-called "related cases" that the Court should consider.  And, as with the issue of relevant conduct, the government **agreed** that there were no related cases after the case was presented to the Probation Department.  And now, as with the relevant conduct issue, the government attempts to poison the Court's mind by referring to cases that have nothing to do with Mr. Marrocco's case.

Even worse, the government falsely compares the cases of the two former New Haven trustees with Mr. Marrocco's case, stating: "Just like Marrocco did,

both of these two men conditioned their power as governmental officials on **getting a few thousand dollars** from a town contractor." Mr. Marrocco pled guilty to one count of attempted extortion. The government agrees that no money exchanged hands. Everyone agrees that Mr. Marrocco **never** received any money from anyone that went into his own pocket. And yet the government includes this statement in its sentencing memorandum, knowing full well that it was false.

Given all of the vitriol contained in the government's sentencing memorandum, it was not surprising that it made no effort to discuss the most important sentencing issue in the case, to wit; Mr. Marrocco's age and declining health. Since it did not discuss it, or even acknowledge the letters from his physicians, it appears that the government does not care if Mr. Marrocco does not make it through its suggested prison term. Rest assured that defense counsel cares, and defense counsel is confident that the Court cares as well.

The Court should see through the government's attempt to bring in through the side door allegations that could never get through the front door. The Court should also recognize that there is no societal benefit to putting a man in Mr. Marrocco's condition in custody with the Bureau of Prisons, where he will have no access to his own physicians and be forced to rely on what we all know is a haphazard system at best. Given all of the facts and circumstances in this case, a

non-custody sentence is still the best option for the Court.

    WHEREFORE, for the reasons stated above, Defendant Marrocco again request that the Court impose a non-custody sentence in this case including whatever terms and conditions the Court finds to be appropriate.

Respectfully submitted,

s/ Steven Fishman  
Steven Fishman (P23049)  
615 Griswold, Suite 1120  
Detroit, MI 48226  
(313) 920-2001  
Email: sfish6666@gmail.com

Dated: January 19, 2023

## CERTIFICATE OF SERVICE

This is to certify that on January 19, 2023, I served a copy of the attached sentencing memorandum upon Steven Cares, AUSA, by filing same electronically and by email.

s/ Steven Fishman
Steven Fishman
