UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No. 17-cr-20775

v.

HON. PAUL BORMAN

ANTHONY MARROCCO,

    Defendant.
    _____/

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

The United States, by and through its attorneys, files this response to defendant Anthony Marrocco's Motion to Modify Conditions of Supervised Release (the "Motion") [ECF No. 76]. For the reasons stated below, the government urges the Court to deny the Motion.

**Factual and Procedural Background**

Marrocco's Extortion in Macomb County

1.    From 1993 to 2016, Anthony Marrocco was the elected Commissioner for Macomb County's Department of Public Works. (PSR ¶ 8.) In that role, Marrocco exerted tremendous power over building and development in Macomb County in that he oversaw the approval of

construction permits and awarding of lucrative government contracts for services.

2. Until 2016, when the voters elected current Commissioner Candice Miller over Marrocco, Marrocco effectively ran unchallenged for the position for over twenty years. That did not, however, prevent Marrocco from hosting expensive campaign fundraising events.

3. Marrocco expected builders and developers to buy tickets to and attend his fundraisers, and enlisted Dino Bucci to communicate these expectations beforehand. Afterwards, Marrocco rewarded those who attended his fundraisers with lucrative contracts and timely approval of their permits. And, he penalized those who failed to attend his fundraisers by not awarding them contracts and stalling or denying approval of their permits.

4. Based on the above conduct, on March 11, 2020, a grand jury charged Marrocco with conspiring with Bucci to commit extortion under color of law and several counts of extortion. The government intended to call Bucci to testify against Marrocco at trial. However, Bucci's untimely death while the case was still pending diminished the government's trial evidence. And, the parties negotiated a plea.

5. On September 20, 2022, Marrocco pled guilty to one count of attempted extortion of a victim developer in violation of 18 U.S.C. § 1951 in exchange for dismissal of the remaining charges.

6. Pursuant to the Rule 11(c)(1)(C) agreement and the Probation Office's calculations, which the Court accepted, the parties agreed that the applicable guideline range for Marrocco's offense was 18 to 24 months and that any sentence of imprisonment would not exceed 16 months. (PSR ¶¶ 5 and 49.) The government also asserted that a three-level variance from the applicable guideline range was warranted due to the defendant's age and health, as well as the death of Bucci, an important witness. (PSR ¶ 5.) Applying such a three-level variance would adjust the guideline range down to 10 to 16 months. (*Id.*)

7. The Probation Office also noted that pursuant to U.S.S.G. §§ 5H1.1 and 5H1.4, Marrocco's age (74 at the time) and cardiovascular issues may warrant a departure. (PSR ¶ 5.)

<u>Marrocco's Sentencing</u>

8. On March 16, 2023, the Honorable Robert H. Cleland held a sentencing hearing.

9. Marrocco requested a non-custodial sentence. Marrocco primarily argued that due to his age and health conditions, home confinement was the only means of ensuring that he would receive regular doctor checkups and emergency medical care, as needed. (ECF No. 79 at PageID 442-447.) In seeking a sentence of home confinement, Marrocco's counsel assured the Court that, "[Marrocco] knows it's going to be a custody sentence" (*Id.* at PageID 446) and "It's not like I'm saying to you, just slap him on the wrist . . . ." (*Id.*)

10. The government sought a 16-month custodial sentence. It argued that the government-recommended three-point downward variance already accounted for Marrocco's age and health issues (ECF No. 69 at 1-2), and any further variance or departure from the 18 to 24 month guideline range would fail to recognize the serious nature of Marrocco's offense and breach of the public trust, or deter others from doing the same. (ECF No. 69 at 5-12; ECF No. 79, PageID 449-452.)

11. In previewing its sentence, the Court referenced the 18 U.S.C. § 3553(a) factors, acknowledged Marrocco's health, age, and other personal characteristics, and emphasized the serious nature of Marrocco's extortion offense and the need to deter "others from

proceeding down Mr. Marrocco's path." ECF No. 79, PageID 451-458. As to the serious nature of the offense, the Court recognized "the corrosiveness of the public trust that is inherent in behavior such as Mr. Marrocco has engaged in and admitted" (ECF No. 79, PageID 452.) and that Marrocco "used his position as an elected official to amass seemingly extraordinary and unchecked power within the Public Works Commission . . . ." (ECF No. 79, PageID 456.) As for the need for general deterrence, the Court acknowledged the Sixth Circuit's prevailing view that "general deterrence is a proper basis for sentencing consideration" and "particularly in white collar cases and cases of extortion." (ECF No. 79, PageID 454-55.)

12.    The Court further stated that its sentence "shall, in fact, be one of confinement's close equivalent, isolation and home detention with terms and conditions pursuant to the standard found in Guideline f – 5F1.2, particularly, Application Note 2." ((ECF No. 79, PageID 458.) (expressly stating that "If the Court concludes that amenities available in the residence of a defendant would cause home detention to not be sufficiently punitive, the Court may limit the amenities available.").

13. The Court sentenced Marrocco to 90 days in prison, followed by 720 days of supervised release with conditions. (ECF No. 79, PageID 461.) The Court made clear that it intended the conditions to be "sufficiently onerous to replicate conditions of typical confinement" (ECF No. 79, PageID 458.) before imposing certain special conditions:

- Home detention for the first 450 days, during which the defendant was to be restricted to his Michigan residence, except for scheduled religious services, pre-approved medical or mental health treatment; pre-approved attorney consultation; court appearances; court-ordered obligations or other activities as pre-approved by the probation officer (J&C at 5; ECF No. 79, PageID 462.);

- While on home detention, GPS monitoring for the first 360 days (*Id.*);

- While on home detention, no access to the Internet or any electronic device capable of communicating through the Internet (J&C at 5; ECF No. 79, PageID 463; and

- While on home detention, no guests or visitors permitted at the defendant's residence without prior approval of the probation officer; no hosting of any meals, parties or celebratory events of any kind; and visitors are prohibited from bringing into Marrocco's home any entertainment facilities or equipment (*Id.;* J&C at 5).

14. Consistent with the Court's oral pronouncement of the sentence, the Judgment and Conviction indicates that the home detention component of the sentence "is intended to be punitive. The

Court determines that to be sufficiently punitive, the home environment must be rendered devoid of entertainment facilities. . . You are not permitted to use the golf-related facilities nearby your residence." (J&C at 5.) Likewise, the Court intended the no Internet access condition "to operate as an essential blackout of entertainment facilities . . . to replicate the conditions of confinement in its various punitive forms."(ECF No. 79, PageID 463; J&C at 5.)

15. On June 15, 2023, Marrocco began serving his brief custodial sentence. After serving two-and-a-half months in prison, he was released from prison on September 1, 2023, and began his two-year term of supervised release. According to United States Probation Officer David Smith, during the first nine months of supervised release, Marrocco has abided by all conditions of supervised release while confined at his personal residence overlooking the golf course he owns. Without exception, he has also been permitted to leave his home and have his children and grandchildren visit him at home, upon request.

16. According to Probation Officer Smith, Marrocco's home detention will end on November 27, 2024, and the GPS monitoring component of that home detention will end on August 29, 2024.

## Argument

Title 18 U.S.C. § 3583(e)(2) provides that a court may, after considering the applicable factors in 18 U.S.C. § 3553(a), "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," pursuant to Federal Rule of Criminal Procedure 32.1. "Section 3583(e)(2) allows district courts to adjust supervised release conditions to account for *new or unforeseen circumstances*." *United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020) (emphasis added); *see also United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997) ("the fact that § 3583(e)(2) and Rule 32.1(b) are intended to allow courts to respond flexibly to *unforeseen changes in the circumstances of a defendant* likewise indicates that a violation of an existing supervised release term does not have to precede a modification.") (emphasis added).

In his Motion, Marrocco asks the Court to terminate various special conditions of his supervised release, including: (1) home detention; (2) GPS monitoring; (3) prohibition on use of the Internet; (4) prohibition on entertainment facilities like television and on-line streaming; and (5) prohibition on house guests or hosting meals or

parties. (ECF No. 76 at 2-3). For several reasons, the Court should deny the Motion.

First, since sentence was imposed, Marrocco points to no new or unforeseen changes to his circumstances that warrant the substantial relief from his sentence he now seeks. Judge Cleland found it appropriate then, based on Marrocco's advanced age and health conditions, to impose a brief custodial sentence followed by supervised release with "sufficiently onerous" special conditions, including home detention, to "replicate conditions of typical confinement." (ECF No. 79, PageID 458.) Because nothing about Marrocco's circumstances make the special conditions any more onerous now than when first imposed, modifying those conditions would be incongruous with 18 U.S.C. § 3553(a). *See Faber*, 950 F.3d at 359; *Lowenstein*, 108 F.3d at 85.

Second, the record demonstrates that Judge Cleland thoughtfully applied the 3553(a) sentencing factors to craft the supervised release component of Marrocco's sentence, including home detention, in lieu of imposing a lengthier custodial sentence called for by the applicable guidelines range. Specifically, to appropriately recognize and punish Marrocco's attempt to commit a serious extortion offense, and deter

others who might violate the public trust and do the same, Judge Cleland intended that the home detention conditions be "punitive." Were this Court to accede to Marrocco's demand for sentencing relief, Judge Cleland's sensible approach to achieving various sentencing objectives—consider the defendant's characteristics and need for medical care, recognize the serious nature of the offense, provide just punishment, and afford adequate general deterrence—would be undone. Accordingly, the government respectfully asks that this Court leave undisturbed Judge Cleland's considered judgment and deny the Motion.

## Conclusion

The government asks that this Court deny the defendant's motion.

          Respectfully submitted,

          DAWN N. ISON
          United States Attorney

          */s/ T. Patrick Martin*
          T. Patrick Martin
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, MI 48226
          Thomas.Martin@usdoj.gov
          (313) 226-9168
          MI Bar No. P86940

Dated: June 14, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*/s/ T. Patrick Martin*
T. Patrick Martin
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Thomas.Martin@usdoj.gov
(313) 226-9168
MI Bar No. P86940