UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                **Plaintiff,**                Case No. 17-20775

-v-                                            HON.  PAUL BORMAN

**ANTHONY MARROCCO,**

                **Defendant.**
_____/

## REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

The government begins its response to the defense motion to modify Mr. Marrocco's conditions of supervised release with what it terms a "Factual and Procedural Background."  That "background" includes allegations that have no business being included in the government's filing nor were they in any way part of the offense to which Mr. Marrocco pled guilty.[1]

The only fact that was included in Mr. Marrocco's guilty plea was that he attempted to extort money from a developer to purchase tables at a fundraiser.  For

---

[1] The government included similar allegations in its sentencing memorandum which forced defense counsel to file a supplemental memorandum and caused the adjournment of Mr. Marrocco's sentencing hearing. See  ECF #70, Page ID 405, 1/19/23

-1-

the reasons set forth in defense counsel's supplemental memorandum before the trial judge, the Court should, therefore, strike paragraphs 1-5 of the government's response.

The rest of the government's argument provides no reason to deny the defense motion to modify the conditions of Mr. Marrocco's supervised release. To begin with, it is clear that 18 U.S.C. § 3583(e)(2) allows the Court to "modify, reduce, or enlarge the conditions of supervised release **at any time** prior to the expiration or termination of the term of supervised release." (Emphasis added).

This is particularly true when the Probation Department who, after all, has been tasked with enforcing the onerous conditions of supervised release imposed by Judge Cleland, has no objection to the defense motion. As this Court knows, modifications of defendants' conditions of supervised release happen routinely in the Eastern District when requested or not objected to by the Probation Department.

The government cites *United States v Faber*, 950 F3d 356 (6th Cir. 2020) as support for its position. That case, where the defendant was convicted on child pornography charges and sentenced to prison twice (once at the original sentencing hearing and once after a supervised release violation) is bizarre on its facts and should have no bearing whatsoever on Mr. Marrocco's request.

The government contends, based on inapposite facts in *Faber* and another Sixth Circuit case, that this Court cannot adjust the conditions of supervised release unless "new or unforeseen circumstances" exist.  Setting aside the fact that conditions of supervised release are routinely adjusted in the Eastern District without such circumstances, the Court can consider the fact that the Probation Department has no objection to the defense motion as a "new or unforeseen circumstance."

The long and the short of it is that Mr. Marrocco has complied with all of the conditions set by Judge Cleland at his sentencing and should be allowed, with the consent of the Probation Department, to have those conditions modified as requested in his motion.

WHEREFORE, Defendant Marrocco again requests that this Court grant his Motion to Modify Conditions of Supervised Release in the manner suggested in the motion.

                                      Respectfully submitted,

                                      s/ Steven Fishman
                                      Steven Fishman (P23049)
                                      Attorney for Defendant Marrocco
                                      615 Griswold, Suite 1120
                                      Detroit, MI 48226
                                      (313) 920-2001
Dated:  June 17, 2024                  Email: sfish6666@gmail.com

## **CERTIFICATE OF SERVICE**

This is to certify that on June 17, 2024, I served a copy upon Patrick Martin, AUSA, by filing same electronically.

s/ Steven Fishman
Steven Fishman
