UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 17-cr-20775-2
                                        Hon. Matthew F. Leitman

D2, ANTHONY MARROCCO,

    Defendant.
_____/

## ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (ECF No. 84)

Now before the Court is a motion for early termination of supervised release filed by Defendant Anthony Marrocco. (*See* Mot., ECF No. 84.) Marrocco seeks to terminate supervised release on the basis that he has "complied with all of the conditions of his supervised release, including a number of difficult conditions imposed by Judge Cleland" and has "paid all of the fines and costs imposed by the Court at the time of sentencing." (*Id.*, PageID.488-489.) For the reasons explained below, the motion is **DENIED**.

"A district court may, after considering a subset of the sentencing factors set forth in [18 U.S.C.] § 3553(a), terminate a term of supervised release 'at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice.'" *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025) (quoting 18 U.S.C. § 3583(e)(1)). Marrocco has not satisfied the Court that either his conduct or the interest of justice warrants early termination of supervised release.

First, while the Court commends Marrocco for complying with the conditions of supervised release, the Court does not find his compliance to justify early termination. Indeed, "compliance with all conditions is 'expected of an individual on supervised release,'" and "non-compliance is a ground for revocation." *Id*. at 641 (quoting *United States v. Butler*, No. 22-5877, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023)). Moreover, "district courts will 'generally' find early termination proper only when exceptionally good conduct or other changed circumstances are present," *id.*, and the Court is not persuaded that Marrocco's compliance rises to the level of exceptionally good conduct or that other changed circumstances are present.

Second, the interest of justice does not favor early termination of supervised release. The transcript of the sentencing hearing in this case reveals that United States District Judge Robert Cleland concluded that the term of supervised release he imposed – including the special conditions – was essential in order to ensure that the sentence satisfied the factors set forth in Section 3553(a). (*See* 03/16/2023 Sent. Hr'g Tr., ECF No. 79.) While not all of the Section 3553(a) factors are relevant to this Court's decision as to whether to terminate Marrocco's supervised release, *see* 18 U.S.C. 3583(e), Marrocco has not persuaded the Court that any of the relevant

2

factors support early termination.  For that reason, and for the reasons set forth in the Government's response to Marrocco's motion (*see* Resp., ECF No. 85), the Court concludes that ending Marrocco's supervised release early would not serve the interest of justice.  Marrocco's Motion for Early Termination of Supervised Release (ECF No. 84) is **DENIED**.

    **IT IS SO ORDERED.**

                                    s/Matthew F. Leitman
                                    MATTHEW F. LEITMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2025, by electronic means and/or ordinary mail.

                                    s/Holly A. Ryan
                                    Case Manager
                                    (313) 234-5126